UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01998-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND DENYING CITY OF MONTEREY DEFENDANTS' MOTION TO DISMISS AS MOOT**<br><br>Docket Nos. 64, 66 |

## I.　INTRODUCTION

Plaintiff Cynthia S. Wills ("Plaintiff"), proceeding pro se, brings suit against Defendants City of Monterey, Monterey Police Department, and Harbor Patrol ("City of Monterey Defendants" or "Defendants") for enforcement of the City's anti-camping ordinances. *See* Docket No. 62 ("First Amended Complaint" or "FAC"). Pending before this Court is Defendants' motion to dismiss Plaintiff's FAC. Docket No. 64 ("Mot."). As Plaintiff explains in her opposition to Defendants' motion, Plaintiff successfully amended her claims against Defendant Montage Health, but requests leave to amend her claims against City of Monterey Defendants. Docket No. 66 ("Opp."). The Court construes Plaintiff's opposition as a request for leave to amend her complaint, and, for the following reasons, **GRANTS** Plaintiff's request for leave to amend and **DENIES as moot** Defendants' motion to dismiss.

## II.　RELEVANT BACKGROUND

A detailed factual background of this case can be found in the Court's prior order granting Defendants' motion to dismiss the complaint. *See* Docket No. 56 ("MTD Order"). Of relevance here, Plaintiff timely filed an amended complaint on December 28, 2021, and the City of

Monterey Defendants filed a motion to dismiss the FAC on January 11, 2022. *See* FAC; *see also* Mot. In response, Plaintiff filed a two-page opposition brief on January 24, 2022, requesting leave to amend her complaint as it pertains to City of Monterey Defendants. *See* Opp. Plaintiff alleges that she "diligently tried to secure assistance from the Pro Se Help Desk in the San Jose Division to assist her in the preparation of this Opposition" but the office was closed until January 10, 2022. *Id*. at 1. As a result, Plaintiff was not able to schedule an appointment until January 18, 2022. *Id.* at 2. Plaintiff contends that she can amend her complaint to meet the Court's requirements. *Id.* Defendants filed a reply brief on February 1, 2022. Docket No. 67 ("Reply").

### III.     DISCUSSION

A.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff timely filed an amended complaint and then in response to Defendant's motion to dismiss, she used her opposition brief as a vehicle to request leave to amend again.[1] *See* Opp.

Plaintiff is a pro se litigant. Pro se litigants are "subject to the same rules of procedure and evidence as defendants who are represented by counsel." *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). However, pro se complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Supreme Court has held that "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely

---

[1] Plaintiff additionally asks the Court to "identify the deficiencies remaining if any from the Courts Order allowing the First Amendment and the Plaintiff's Amended Complaint dated December 27, 2021." Opp. at 2. This Court previously identified the deficiencies in the motion to dismiss order and the Court is not required to provide great detail or act as legal advisors to pro se plaintiffs. *See* MTD Order at 17—24; *see also Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987) (reasoning that "when dismissing a pro se complaint for failure to state a claim, district courts need draft only a few sentences explaining the deficiencies"). This Court **DENIES** Plaintiff's request to identify remaining deficiencies.

2

given.'" *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Here, the *Foman* factors favor granting leave to amend. Of all the factors, "prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc*., 953 F.3d 567, 574 (9th Cir. 2020). *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (amendment would require additional discovery and the "resulting delay and expense would have prejudiced Shell Oil defendants, who were entitled to rely on a timely close of discovery and a near-term trial date"); *Reed v. Teledyne Sys. Co.,* 94 F.3d 1, 2 (9th Cir. 1996) (denying plaintiff leave to amend because he requested it "approximately three weeks before the scheduled trial date, without any explanation as to why the amendment was not offered earlier[,]" and because "[plaintiff's] new claims would have interjected new issues and the new question of the existence of an implied employment contract"). Here, there is no indication that allowing amendment would result in such delay, expenses, or raise new issues. Therefore, granting leave to amend would not unduly prejudice Defendants.

A motion may also be denied on grounds of futility of the proposed amendments irrespective of prejudice. *See generally Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1103 (9th Cir. 2018). Under the futility analysis, "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotation marks omitted). By originally granting leave to amend, this Court made it apparent that it is not "clear" that the complaint "could not be saved by any amendment."

Moreover, the Ninth Circuit liberally applies Rule 15's policy favoring amendments. *See Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir.1989); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (internal quotation marks omitted) (quoting "[w]hile Fed. R. Civ. P. 15 places leave to amend within the sound discretion of the trial court, [it has] stressed that a court must remain guided by the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities"). Given the combination of Rule 15's policy favoring amendments, the leniency allotted to pro se litigants, and the fact that none of the *Foman* factors weigh in favor of denying leave to amend, this Court **GRANTS**

3

Plaintiff's request for leave to amend.

## IV. CONCLUSION

For the reasons above, this Court **GRANTS** Plaintiff's request for leave to amend. Plaintiff is ordered to file an amended complaint by **March 18, 2022**. Defendants' motion to dismiss is **DENIED as moot**. Defendants may file a new motion to dismiss the subsequent amended complaint. Plaintiff is instructed to review the Court's order on the motion to dismiss, Docket No. 56, to guide her amendment. Again, Plaintiff is advised to consult with the Pro Se Help Desk/Legal Help Center.

This order disposes of Docket Nos. 64 and 66.

**IT IS SO ORDERED**.

Dated: February 18, 2022

_____
EDWARD M. CHEN
United States District Judge