UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYNTHIA S WILLS,

               Plaintiffs,

      v.

CITY OF MONTEREY, et al.,

               Defendants.

Case No.  21-cv-01998-EMC   (EMC)

**ORDER DENYING MOTION FOR PROTECTIVE ORDER AND DEPOSITION BY REMOTE MEANS WITHOUT PREJUDICE**

Docket No. 116

Plaintiff Cynthia Wills, who is proceeding pro se, filed a motion for a protective order under Federal Rule 26 seeking to conduct her deposition by telephone.  *See* Docket No. 116 & Ex. A.  Federal Rule 26(c) requires that motions for protective order be accompanied by a certification that the moving party has met and conferred in good faith with opposing counsel to resolve the issue that is the subject of the motion without court action.  Fed. R. Civ. P. 26(c)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.").  Plaintiff has not included such a certification and opposing counsel represents that the parties have not met and conferred as to a suitable format for the deposition.  *See* Docket No. 116; Docket No. 121 at 2; Price Decl. ¶ 3.  It appears that the parties may be able to agree upon a format that would be amenable to all parties.  *See* Docket No. 120 at 2 (proposing deposition via Zoom teleconference). The Court sees no reason why Ms. Wills cannot appear for a video deposition if Defendants provide a room used only by Ms. Wills set up for remote deposition.

//

//

//

In light of the above the Court hereby **DENIES** Plaintiff's motion without prejudice.  The Court expects the parties to work this out.  Ms. Wills may file another motion after engaging in a _good faith_ effort to meet and confer with opposing counsel without success.

**IT IS SO ORDERED**.

Dated: November 20, 2023

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California