UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>  Plaintiff,<br><br>v.<br><br>CITY OF MONTEREY, et al.,<br><br>  Defendants. | Case No. 21-cv-01998-EMC   (LJC)<br><br>**ORDER REGARDING CITY OF MONTEREY'S DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 143 |

## I. INTRODUCTION

Plaintiff Cynthia Wills, pro se, asserts a claim that Defendant the City of Monterey (the City) violated Wills's rights under the Eighth Amendment by effectively criminalizing involuntary homelessness. Wills's Second Amended Complaint describes a number of incidents in 2019 (to the extent that dates are provided) where Monterey police officers allegedly threatened to cite her for illegal camping, threatened to arrest her and impound her dog when she stayed at an art gallery with the manager's permission, and failed to respond sufficiently to her complaints about stalking and harassment by other people. ECF No. 75 at 8–15.

The City filed a Discovery Letter Brief seeking responses to a number of interrogatories, requests for admission, and requests for production of documents. ECF No. 143. Wills filed a response to that letter. ECF No. 152. The Honorable Edward Chen referred this case to the undersigned magistrate judge for discovery issues. The Court held a hearing on March 12, 2024, and now rules as follows. Wills shall serve supplemental discovery responses and produce documents as required by this Order no later than March 26, 2024. To ensure that the City can review Wills's responses before her deposition, Wills must either serve those responses and documents electronically or deliver them to the Monterey City Attorney's Office by that deadline.

Wills shall appear for a video deposition at an office provided by Defendants at 9:00 AM

on March 28, 2024 unless the parties agree to a different date or seek and receive an order from this Court setting a different date.

## II.     ANALYSIS

### A.     Service by Mail

Wills asserts that the City has not been complying with Judge Chen's order requiring service by mail. The minutes of an October 3, 2023 case management conference describe that order as follows:

> Parties discussed means of communications between them. Plaintiff asserts she cannot efile and has no access to email or texts. Court ordered parties to communicate and file via regular mail, and mailbox rule pursuant to applicable FRCP and Local Rules will apply. Defendants should follow up each mail communication with a phone call to Plaintiff to confirm matter was sent by mail. Court ordered the parties to communicate via phone in real time to e.g. prepare joint CMC statements.

ECF No. 118.[1]

Wills asserts that one of the City's attorneys (William Price) "sent two packages in a manner that violated Judge Chen's Order, Ground with tracking, not regular mail," in oversized envelopes. ECF No. 152 at 1. Wills believes "that was done intentionally to create delivery complications." *Id.* She does not state what those two packages were and has not claimed that they relate to the City's Discovery Letter that is the subject of this Order. The Court therefore declines to resolve those issues at this time.

Defendants are reminded to comply with Judge Chen's order regarding service going forward. The Court notes that that order does not prohibit mailing large envelopes, as may be necessary for larger documents that Defendants are required to serve. Nor is it clear that delivery of mail communication via ground delivery with tracking amounts to noncompliance with Judge Chen's order regarding mail service. Judge Chen's order appears principally concerned with proscribing service via the Court's electronic filing system and email based on Wills' assertion

---

[1] The Court notes that Wills called the undersigned's Courtroom Deputy about a previous Order (ECF No. 147) shortly after that Order was filed on March 8, 2024, suggesting that Wills has at least some degree of access to the electronic docket. Wills stated at the hearing that, at least for the purpose of that Order, she was able to monitor the docket with the help of another person.

that she cannot efile and she has no access to email or texts.[2]  Wills has never asserted to the Court that the City failed to serve her with the discovery requests at issue in City's Discovery Letter. Indeed, she responded to the discovery requests.  Nor has Wills represented that she was not served any other communications related to those discovery requests.

### B. Efforts to Meet and Confer

The City asserts that Wills refused to meet and confer, repeatedly hanging up on the City's attorneys or refusing to discuss anything besides her complaints about the City's methods of service.  ECF No. 143 at 1–2.  According to the City's attorney William Price, Wills eventually spoke with Price's co-counsel Karin Salameh on February 23, 2024 and refused to meet and confer in person, supplement her discovery responses, or participate in writing a joint letter.  *Id.* at 2.  Wills states in her response that she refuses to speak with Price because she believes he has violated Judge Chen's order regarding service, and that she wanted to have a "private conversation" with Salameh to discuss those issues.  ECF No. 152 at 1.

Wills confirms that she was not willing to participate in drafting a joint letter because she does not trust the City "to speak on her behalf *or* submit a joint letter brief."  *Id.* at 3.  Wills states that Salameh did not request an in-person meeting.  *Id.*  She asserts that she has already agreed to supplement her discovery responses "when timely and appropriate."  *Id.*

Wills is not entitled to choose which of the City's attorneys she will speak with regarding this case.  The requirement to meet and confer telephonically before raising any discovery dispute with the Court remains in effect.  Wills is required to meet and confer with counsel of the City's choosing regarding discovery dispute or any other matters in this case that require coordination. Failure to do so may result in sanctions.

That said, the Court is satisfied that the requirement to submit joint letters is not feasible in this case.  Going forward, if the parties are not able to resolve a discovery dispute, the parties shall submit separate letter briefs not to exceed three pages each, and attaching excerpts of discovery requests and responses as needed (which are not subject to a three-page limit).  Defendants shall

---

[2] At the hearing, the Court also reminded Wills that when she serves the City by mail she must serve all counsel of record representing the City.

1   file their letter briefs no later than the next business day after the parties meet and confer.  Wills
2   shall either file her letter brief or place it in the mail to be filed by the same deadline.  The Court
3   reserves the right to resolve any dispute based on Defendants' letter alone if the Court does not
4   receive a letter from Wills within four business days after receiving Defendants' letter.  This
5   modifies section F.5 of the Standing Order for Magistrate Judge Lisa J. Cisneros.

### C. Discovery Cutoff

Judge Chen set a March 28, 2024 deadline for the parties to complete fact discovery.  ECF No. 119.  Although the City has moved to stay the case (including discovery) pending a decision by the Supreme Court, Judge Chen has not ruled on that motion, which is set for hearing in April of this year—after the discovery cutoff.  Unless and until Judge Chen rules otherwise, this Court and the parties must proceed on the assumption that the current discovery cutoff will remain in place.  The Court therefore proceeds to address the City's discovery letter, and DENIES Wills's request asserted at the hearing to continue these issues until after Judge Chen rules on the motion to stay.

### D. Discovery Requests

The City seeks to compel further responses to a number of interrogatories, requests for admission, and requests for production.  *See generally* ECF No. 143.  Wills's letter does not address the substance of those discovery requests, instead standing by the responses and objections that she previously served.  *See generally* ECF No. 152.

#### 1. Interrogatories

**Interrogatory No. 1** asks Wills to identify "all witnesses who support YOUR contention that the CITY . . . violated any of YOUR constitutional rights."  ECF No. 143 at 4.  Wills objects on the grounds of privilege, work product, premature contention interrogatories, burden, and other blanket objections.  *Id.* at 4–5.  Wills's objections are OVERRULED, and Wills is ORDERED to respond by identifying any and all witnesses she currently knows who support her claim against the City, as well as contact information for such witnesses to the extent that she knows that information.

**Interrogatory No. 2** asks Wills to identify all documents that "relate to the INCIDENT."

4

Wills objects on similar grounds. ECF No. 143 at 5. The City has only put Wills's responses in the record, not its requests with any definitions that might have been included therein, so there is no indication in the record of how "INCIDENT" is defined. Although the City argued at the hearing that it provided an appropriate definition in the interrogatories that it served, the City failed to put that definition before the Court in its filing. Absent any such definition, Interrogatory No. 2 is vague and overly broad, and the City's request to compel a response is DENIED.

**Interrogatory No. 3** asks Wills to identify all documents supporting her "contention that any City of Monterey ordinance violated any of YOUR constitutional rights." ECF No. 143 at 5. Wills objects on similar grounds. *Id.* Contention interrogatories can be inappropriate early in discovery. *See, e.g.*, *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-cv-04324-JST, 2015 WL 6648170, at *2 (N.D. Cal. Nov. 2, 2015). Here, however, the fact discovery cutoff is rapidly approaching on March 28, 2024 (ECF No. 119), and Wills has not articulated any specific undue burden that would be imposed by responding to this interrogatory. Wills's objections are therefore OVERRULED, and Wills is ORDERED to respond to the best of her personal knowledge.

**Interrogatory No. 4** asks Wills to identify all documents supporting her "contention that any City of Monterey employee violated any of YOUR constitutional rights." ECF No. 143 at 6. Wills once again objects. *Id.* For the reasons stated above with respect to Interrogatory No. 3, Wills's objections are OVERRULED, and WILLS is ORDERED to respond to the best of her personal knowledge.

**Interrogatory No. 5** asks Wills to identify all documents indicating "that City of Monterey has a policy, practice or custom of violating the Eighth Amendment rights of any person other than YOU in the same or similar manner as alleged in YOUR complaint." ECF No. 143 at 7. Wills once again objects. *Id.* For the reasons stated above with respect to Interrogatory No. 3, Wills's objections are OVERRULED, and WILLS is ORDERED to respond to the best of her personal knowledge.

**Interrogatory No. 6** asks Wills to identify "all locations owned by the City of Monterey" where Wills stayed overnight from January 2019 to the present, and **Interrogatory No. 7** asks her to provide the dates that she stayed at each such location. ECF No. 143 at 7. Wills objects. *Id.*

Questions of where Wills was or was not able to sleep are relevant to her claim that the City effectively criminalizes homelessness. Wills's objections are OVERRULED. To the extent that she recalls, Wills is ORDERED to identify the City-owned locations where she has stayed overnight at any point from January 2019 to the present and the dates that she did so. She may not recall precise dates, or whether a particular location was owned by the City, in which case she should indicate any such uncertainty in her response.

**Interrogatory No. 8** asks Wills, for each date and location identified above, to identify any City employees (including police officers) who contacted her while she stayed overnight. ECF No. 143 at 8. Wills's objections are OVERRULED, and Wills is ORDERED to answer this question to the best of her personal knowledge.

**Interrogatory No. 9** asks Wills whether she contends that adequate shelter was not available on each of the dates in question. ECF No. 143 at 9. Although Wills's response is not broken down by date, she provides a lengthy response explaining why she does not believe that shelter options in Monterey are adequate. *Id.* at 9–11. The strong implication is that her response applies to all times in question. The City does not specifically address this interrogatory in its letter, instead lumping it in with failure to identify City personnel. ECF No. 143 at 2 ("Plaintiff refuses to identify any City of Monterey personnel who violated her rights, threatened to arrest her, harassed her, etc... (Interrogatory Nos. 8-12)." (ellipsis in original)). Interrogatory No. 9 is not addressed in a meet-and-confer letter attached to the City's discovery letter brief. ECF No. 143 at 41. The City's request for a further response to Interrogatory No. 9 is DENIED.

**Interrogatory No. 10** asks Wills to state all facts supporting her contention that any City employee threatened her with arrest or citation. ECF No. 143 at 11. Wills responds by identifying a page range of her Second Amended Complaint, but asserts that those allegations "'do not' represent each and every event, claim and violation of law that Plaintiff asserts or will assert," and otherwise objects. *Id.* Wills's objections are OVERRULED, and Wills is ORDERED to supplement her response if she is aware of any responsive facts beyond those stated in her complaint.

**Interrogatory No. 11** asks Wills to identify each City employee who threatened her with

6

arrest or citation. ECF No. 143 at 12. Wills's response is the same as above, with the same qualification that her Second Amended Complaint does not purport to include all relevant facts. *Id.* Wills's objections are OVERRULED, and Wills is ORDERED to supplement her response if she is aware of any responsive facts beyond those stated in her complaint.

**Interrogatory No. 12** asks Wills to state all facts supporting her contention that she was harassed by the Monterey Police Department. ECF No. 143 at 12. Wills responds by briefly describing an incident where she complaint to police and nothing was done, and also by asserting that "City of Monterey beachcombers had driven by her tent many mornings with huge vehicle [sic] trying to deter campers on the beach." *Id.* Wills otherwise asserts the same boilerplate objections as with most of the other interrogatories. It is not clear if her response is intended to be complete. Wills's objections are OVERRULED in large part, and Wills is ORDERED to supplement her answer to provide a summary of all facts within her personal knowledge that support this contention. Wills need to provide all relevant details, which may be unduly burdensome in the form of an interrogatory response. As it is, the City represented in a joint case management statement, ECF No. 115 at 6, it would seek discovery related to Plaintiff's interactions with the Monterey Police Department and Harbor Patrol largely through a deposition of Plaintiff. The Court agrees that this particular discovery would be better addressed through deposition testimony, but Wills must provide an interrogatory response describing at least at a high level all of the conduct and other facts she currently knows that support her contention.

**Interrogatory No. 13** asks Wills to state all facts supporting her contention that "the City has an unwritten policy to harass homeless individuals to drive them out of the City." ECF No. 143 at 13. Wills offers only boilerplate objections. *Id.* Wills's objections are OVERRULED in large part, and Wills is ORDERED to supplement her answer to provide a summary of all facts within her personal knowledge that support this contention, to the same extent as discussed above with respect to Interrogatory No. 12. To the extent the City requires factual information beyond a summary regarding this issue, it may question Wills on this topic at her deposition.

**Interrogatory Nos. 14 and 15** ask Wills to identify every shelter, residence, or other facility where she has stayed overnight from January 2019 to the present, and the dates that she

7

stayed at each address. ECF No. 143 at 14.[3] Wills refers to her complaint, subject to the same disclaimer as in previous responses that it is not a complete recitation of all relevant facts. Wills's objections are OVERRULED in large part, and Wills is ORDERED to provide all responsive facts to the extent that she knows them, with the exception that for times she stayed outside the City of Monterey, she may simply identify date ranges she was outside the City rather than specific locations where she stayed outside the City. The City has not explained why it needs to know specific addresses or facilities where she stayed in other jurisdictions, or even whether it intended to request such information. If the City believes that such locations are relevant, it may question Wills about them at her deposition.

**Interrogatory No. 16**, asking Wills to identify a gallery manager discussed in her Second Amended Complaint, is not specifically addressed in the City's discovery letter (ECF No. 143 at 2) or in the attached meet-and-confer letter (*id.* at 41). Wills provided a response to this interrogatory naming the gallery manager who provided her with shelter. *Id.* at 15. To the extent that the City's request for answers to "special interrogatories numbers 1-20" (*id.* at 3) includes No. 16, it is DENIED.

**Interrogatory No. 17** asks Wills to identify every employer she has worked for since January 2019. ECF No. 143 at 15. **Interrogatory No. 18** asks for the amount she has earned from such work. *Id.* at 16. **Interrogatory No. 19** asks Wills to identify any insurance or benefits she has received in that time. *Id.* at 17. Wills offers only boilerplate objections. The Ninth Circuit's doctrine that criminalizing involuntary homelessness violates the Eighth Amendment "does not cover individuals who *do* have access to adequate temporary shelter, whether because they have the means to pay for it or because it is realistically available to them for free, but who choose not to use it." *Martin v. City of Boise*, 920 F.3d 584, 617 n.8 (9th Cir. 2019). Wills's financial means are therefore relevant to her claim, and these interrogatories are proportional to the needs of the case. Wills's objections are OVERRULED, and Wills is ORDERED to provide

---

[3] Interrogatory 15 erroneously references Interrogatory No. 12 instead of 14, but Wills states in her response that she understands it as referring to 14, which the Court agrees is be the clear intent. ECF No. 143 at 14.

complete answers to these interrogatories to the best of her personal knowledge.

**Interrogatory No. 20** asks Wills to identify any medical or mental health providers she has consulted or treated with, if she contends that she has suffered any physical or emotional injury as a result of the City's alleged conduct. ECF No. 143 at 17. Wills objects, including based on physician-patient privilege. *Id.* at 17–18. As discussed in this Court's Order addressing a previous discovery letter from Defendant Montage Health, there is no physician-patient privilege under federal law, although there is a psychotherapist privilege. ECF No. 147 at 5 (citing *Bashinski v. United States*, No. 23-cv-01026-JO-JLB, 2024 WL 239102, at *4 (S.D. Cal. Jan. 22, 2024)). This interrogatory only asks Wills to identify providers, not to disclose communications. The nature of Wills's damages is a reasonable and necessary area for discovery. Wills's objections are OVERRULED, and Wills is ORDERED to answer this interrogatory to the best of her personal knowledge.

### 2. Requests for Admission

The City seeks further responses to six requests for admission. ECF No. 143 at 3.

**Request for Admission No. 1** asks Wills to admit she was never arrested. Wills responded: "ADMISSION. I WAS REPEATEDLY THREATENED WITH ARREST." ECF No. 143 at 37. The City asserts that is "neither an admission nor a denial," *id.* at 3, but on its face it is plainly an admission. The City's request to compel a further response is DENIED.

**Request for Admission Nos. 2–6** ask Wills to admit that she was never issued a citation or a fine, and that she cannot identify anyone else arrested, cited, or fined for violated the ordinances at issue. ECF No. 143 at 37. Wills provided the following response to each of these requests: "DENY. NOT FACTUAL." *Id.* The City asserts that this denial "does not provide any substantive information as to the basis of the denial," *id.* at 3, but nothing in the record indicates that the City *requested* any further information beyond an admission or a denial. *See* Civ. L.R. 36-2 (construing a "demand that a party set forth the basis for a denial of a requested admission" as an interrogatory, implicitly requiring that the requesting party actually make such a demand in, or in conjunction with, its requests for admission). The City's request for compel further responses to these requests for admission is therefore DENIED, without prejudice to the City

questioning Wills about these issues at her deposition.

### 3. Requests for Production of Documents

The City asserts, and Wills does not dispute, that Wills has not produced any documents in response to the City's requests for production (RFPs). ECF No. 143 at 3; *see generally* ECF No. 152.

**RFP No. 1** seeks all documents "purporting to contain information that evidence, supports, or relates to YOUR Eighth Amendment claim." ECF No. 143 at 18. Wills provides a list of categories of documents that she claims she is withholding: correspondence and an eviction notice based on objections that they are equally available to City; and phone, video, and audio records based on objections that they are in possession of third parties and not within Wills's possession, custody, or control. *Id.* She also lists categories of documents from "Defendants evidence list" (e.g., "MPD Case reports with Plaintiff") that she asserts are in the City's possession, and asserts boilerplate objections regarding relevance, burden, privilege, and the like. *Id.* at 18–19.

To the extent this request seeks documents that "relate" to Wills's Eighth Amendment claim, it is vague, overbroad, and potentially requires a legal conclusion. It is not unreasonable to ask Wills to produce the documents that *support* her claim, though—as contemplated by the requirement of Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure to identify or produce such documents in initial disclosures.

Documents being equally available to an opponent is not a blanket basis to deny production. *Ashker v. Cate*, No. 09-cv-05796-CW (NJV), 2014 WL 13061696, at *2 (N.D. Cal. Jan. 29, 2014). Wills's correspondence with the City, along with the "eviction notice" referenced in her response, appear to constitute a relatively discrete set of documents that would not be unduly burdensome to produce even if they are also available to City,[4] and the City is entitled to investigate what documents Wills intends to rely on to support her claim. Wills is ORDERED to produce all non-privileged documents in her possession that support her Eighth Amendment

---

[4] These documents that support Wills's Eighth Amendment claim are unlike the Montage Health medical records that this Court addressed in its previous order. Previously the Court declined to require Wills to produce to Montage Health certain medical records, which appeared likely to be more burdensome for Wills to assemble and easier for Montage Health to collect.

1    claim, including documents equally available to the City.  Wills is not required to produce

2    documents outside of her possession.[5]

3          **RFP No. 2** seeks all documents identified in Wills's initial disclosure statement.  ECF No.

4    143 at 19.  Wills provides a materially identical response as to the previous request.  *Id.* at 19–20.

5    Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-privileged

6    documents identified in her initial disclosures to the extent that they are in her possession.

7          **RFP No. 3** seeks production of all documents identified in Wills's interrogatory responses.

8    *Id.* at 20.  Wills provides a materially identical response as to the previous two requests.  *Id.*

9    Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-privileged

10   documents identified in her initial disclosures to the extent that they are in her possession.

11         **RFP No. 4** seeks all documents "purporting to contain information supporting YOUR

12   contention that any City of Monterey ordinance violated any of YOUR constitutional rights," and

13   **RFP No. 5** seeks all documents supporting Wills's contention that any City employee violated her

14   constitutional rights.  ECF No. 143 at 20.  Wills provides materially identical responses as to the

15   previous three requests.  *Id.* at 20–21.  Since the Eighth Amendment claim is Wills's only claim

16   remaining claim against the City, these requests overlap with RFP No. 1.  For the same reasons

17   discussed above with respect to RFP No. 1, Wills's objections are OVERRULED, and Wills is

18   ORDERED to produce all non-privileged documents in her possession that are responsive to these

19   requests.

20         **RFP No. 6** seeks all communications from Wills to the City describing or complaining of

21   any violation of her constitutional rights, and **RFP No. 7** seeks any government claim that Wills

22   submitted regarding violation of her constitutional rights.  *Id.* at 22–23.  Wills once again provides

23   substantively identical responses as to the previous requests (in a truncated form for RFP No. 7).

---

[5] With respect to all of the requests for production at issue, the Court finds that requiring Wills to gather all responsive documents from third parties that might be within her "control" would be disproportionate and unduly burdensome under the circumstances of this case.  If the City believes that some narrowly tailored set of documents is sufficiently critical to the case to warrant such efforts, the parties must meet and confer regarding that issue, and must file new letter briefs (consistent with the procedure addressed above) before the deadline to complete fact discovery if they are not able to reach an agreement.

11

1    Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-privileged
2    responsive documents in her possession.
3        **RFP No. 8** seeks all documents "purporting to contain information that City of Monterey
4    has a policy, practice or custom of violating the Eighth Amendment rights of any person the same
5    [sic] or similar manner as alleged in YOUR Second Amended Complaint," and **RFP No. 13** seeks
6    documents "that reflect or relate to" such a policy. ECF No. 143 at 23–24, 27. Wills again
7    provides a substantially identical response as to the previous requests for production. *Id.* at 24,
8    27–28. Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-
9    privileged responsive documents in her possession.
10       **RFP No. 9** seeks all documents "purporting to contain information that there was not
11   adequate shelter within the City of Monterey on the dates identified in YOUR response to
12   Interrogatory No. 7." ECF No. 143 at 24. Wills provides boilerplate objections regarding
13   relevance, burden, attorney-client privilege, and documents not in her possession. *Id.* at 24–25.
14   (She does not provide the same list of categories as in previous responses.) Wills's objections are
15   OVERRULED, and Wills is ORDERED to produce all non-privileged responsive documents in
16   her possession.
17       **RFP No. 10** seeks all documents "that reflect or relate to any address, facility, shelter, or
18   other location (including public parks, beaches, or similar public areas) you have resided or
19   camped [sic] for one night or more from January 2019 to present." ECF No. 143 at 25. Wills
20   provides substantially the same response (with categories of documents and boilerplate objections)
21   as to the other requests. *Id.* This request for *all* documents that *relate* to any beach, park, or other
22   location where Wills stayed is overbroad and disproportionate to the needs of the case. To the
23   extent there might be potentially relevant subsets of such documents, nothing in the City's
24   submission identifies such subsets or explains what the City is seeking to learn through this
25   request. Notwithstanding the rest of Wills's largely inapplicable response, she asserts valid
26   objections based on burden and relevance. The City's request to compel production of documents
27   in response to RFP No. 10 is DENIED.
28       **RFP No. 11** seeks all documents "that reflect or relate to any travel to or from the City of

1   Monterey and any other City, County, or State from January 2019 to present." *Id.* at 26.  Wills

2   asserts substantially the same boilerplate objections, without the list of categories of documents

3   that she claims she is withholding based on equal availability or because they are not in her

4   possession. *Id.*  The extent to which Wills resided in Monterey is likely relevant to her claim and

5   to her damages, but every errand or day trip to or from an adjacent jurisdiction is not.  Wills's

6   objections are OVERRULED in part, and Wills is ORDERED to produce all non-privileged

7   documents in her possession that reflect travel to or from the City for a period of at least one

8   overnight stay.

9         **RFP No. 12** seeks documents "that reflect or relate to any arrest or citation YOU were

10  issued, or were threatened with, by any Monterey Police Department employee." ECF No. 143 at

11  27.  Wills asserts boilerplate objections, and cites a portion of her complaint stating that the facts

12  alleged do not represent all events that she will assert as violations. *Id.*  Once again, while some

13  of these documents might also be in the City's possession, this appears to be a discrete universe of

14  highly relevant documents that Wills reasonably gather and product.  Wills's objections are

15  OVERRULED, and Wills is ORDERED to produce all non-privileged responsive documents in

16  her possession.

17        **RFP No. 13** is addressed above in conjunction with RFP No. 8.

18        **RFP No. 14** seeks all documents that relate to Wills's contention that the City has an

19  "unwritten policy to harass homeless individuals to drive them out of the City." ECF No. 143 at

20  28.  Wills provides her stock response with categories of documents and boilerplate objections.

21  *Id.* at 28–29.  Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-

22  privileged responsive documents in her possession.

23        **RFP No. 15** seeks all documents "that reflect or relate to any job descriptions for any

24  employer" that Wills worked for from January 2019 to the present. ECF No. 143 at 29.  Wills

25  provides boilerplate objections. *Id.* at 29–30.  Although Wills's income is relevant to her claim of

26  involuntary homelessness, it is not clear that the details of any jobs she held are sufficiently

27  relevant to warrant the burden of gathering documents, especially when Wills is already required

28  to describe her employment in an interrogatory.  The City's request to compel production in

United States District Court
Northern District of California

response to RFP No. 15 is DENIED.

**RFP No. 16** seeks all documents that "reflect or relate to any earnings and income" that Wills earned from January 2019 to the present.  ECF No. 143 at 30.  Wills asserts boilerplate objections.  *Id.*  Although the request for *all* such documents reflecting income is insufficiently tailored to meet the City's needs, Wills's income is relevant to her claim of involuntary homelessness.  Wills's objections are OVERRULED in large part, and Wills is ORDERED to produce non-privileged documents *sufficient to show* all of her earnings or income from January 2019 to the present, to the extent that such documents exist in her possession.

**RFP No. 17** seeks all documents that "reflect or relate to any insurance or other benefits that you have earned, received, or been entitled to from January 2019 to present."  ECF No. 143 at 31.  Wills asserts boilerplate objections.  *Id.*  As with the request above, Wills's objections are OVERRULED in large part, and Wills is ORDERED to produce non-privileged documents *sufficient to show* any insurance or other benefits that Wills earned, received, or was entitled to from January 2019 to the present, to the extent that such documents exist in her possession.

**RFP No. 18** seeks all documents "purporting to contain information that the conduct of any employee of City of Monterey caused YOU to suffer physical injury, emotional distress, pain and suffering, medical expenses, fear, trauma, humiliation, and further damages," **RFP No. 19** seeks all documents purporting to show that Wills suffered emotional distress as a result of the events alleged, and **RFP No. 20** seeks all documents supporting Wills's contention that she "suffered damages as a result of the acts of any employee of the City of Monterey."  ECF No. 143 at 31–33.  Wills objects based on medical privacy and physician-patient privilege, among other more boilerplate objections.  *Id.* at 31–34.  Wills's damages are at issue in this case, and she must produce any non-privileged documents showing such damages that are in her possession.  As discussed in this Court's previous Order, there is no physician-patient privilege under federal law.  Neither party has specifically addressed the psychotherapist privilege or whether Wills has waived it.  Wills's objections are OVERRULED, and Wills is ORDERED to produce all non-privileged documents in her possession that are responsive to RFP Nos. 18, 19, 20.

For these and all other requests for production, if Wills withholds documents based on an

14

1    assertion of psychotherapy privilege or any other valid privilege, she must identify all documents

2    withheld as required by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure.

3          **RFP No. 21** seeks all documents "purporting to contain information that YOU sought or

4    received any form of medical or mental health treatment for any alleged injury suffered as a result

5    of the acts of any employee of the City of Monterey," and **RFP No. 22** seeks all documents that

6    reflect or relate to such treatment, including but not limited to billing records. ECF No 143 at 34–

7    35. Wills asserts substantially the same objections as with respect to RFPs 18 through 20 above.

8    *Id.* at 34–36. These requests are relevant to damages. Wills's objections are OVERRULED, and

9    Wills is ORDERED to produce all responsive non-privileged documents in her possession.

10         **RFP No. 23** seeks all documents "that contain any communication between YOU and any

11   other person or entity (other than YOUR attorney or a document that has been filed in this court

12   case) that reflects or relates to YOUR claims in this case." ECF No. 143 at 36. Wills asserts

13   boilerplate objections. *Id.* at 36–37. Wills's objections are OVERRULED, and Wills is

14   ORDERED to produce all responsive non-privileged documents in her possession.

### E. Wills's Deposition

Although not addressed in the City's discovery letter, the Court raised at the hearing the format and timing of Wills's deposition. Wills previously raised a dispute with Judge Chen regarding that format, arguing that she cannot appear for an in-person deposition due to health concerns. *See generally* ECF No. 116.[6] Judge Chen denied Wills's request for a protective order because the parties had not sufficiently negotiated, and suggested there was "no reason why Ms. Wills cannot appear for a video deposition if Defendants provide a room used only by Ms. Wills set up for remote deposition." ECF No. 123. Although neither Wills nor the City agreed to that proposal at the March 12, 2024 hearing, no party presented any reason why it was not feasible. The parties are therefore ORDERED to proceed with a deposition of Wills by videoconference, with Wills to appear at an office provided by Defendants where she will be the only person in the room. Wills is advised that although she may assert other objections that might affect the

---

[6] In a letter filed under seal, Wills's doctor states that Wills "has been instructed to avoid large groups of people or rooms full of people." ECF No. 116-1.

1    *admissibility* of certain questions and answers, parties generally cannot refuse to answer

2    deposition questions except as "necessary to preserve a privilege, [or] to enforce a limitation

3    ordered by the court." *See* Fed. R. Civ. P. 30(c)(2).[7]

4    That deposition is to occur on the last day of fact discovery, March 28, 2024, at 9:00 AM,

5    unless one of the following occurs before that date: (1) all parties agree to a different date; (2) any

6    party seeks *and obtains* an order from the Court setting a different date or vacating the date set by

7    this Order; or (3) the Court issues an order staying all discovery.  Defendants shall serve a

8    deposition notice on Wills no later than March 21, 2024 indicating the location where she is to

9    appear for her deposition, and inform her of that location by telephone by the same deadline.  The

10   location must be within ten miles of the City of Monterey unless all parties agree to a different

11   location.

## III.    CONCLUSION

13   Wills is ORDERED to serve supplemental responses and produce documents in response

14   to the City's Interrogatory Nos. 1, 3–8, 10–15, and 17–20 as discussed above, and produce

15   documents in response to RFP Nos. 1–9, 11–14, and 16–21 as discussed above, with those

16   responses and documents to be delivered no later than March 26, 2024.  The parties are

17   ORDERED to proceed with Wills's deposition on March 28, 2024 as discussed above unless all

18   parties agree to a different date.

19   Finally, Wills is admonished that her failure to cooperate in discovery thus far is

20   unacceptable, even accounting for the fact that she is not a lawyer.  All parties, including pro se

21   parties, "have a 'duty to cooperate in discovery, and should not abuse the rules by improperly

22   refusing discovery.'" *Koshkalda v. Seiko Epson Corp.*, No. 4:19-cv-05696-YGR, 2021 WL

23   1118056, at *5 (N.D. Cal. Mar. 24, 2021) (citation omitted) (affirming sanctions issued by a

24   bankruptcy court against a pro se party), *aff'd sub nom. In re Koshkalda*, No. 21-15695, 2022 WL

---

[7] A party may also suspend a deposition under Rule 30(d)(3) if it is conducted in bad faith or is unreasonably oppressive, but that mechanism is reserved for extreme violations—an attorney asking irrelevant questions does not meet that standard—and a party that suspends a deposition without sufficient cause is ordinarily subject to monetary sanctions under Rule 37(a)(5). *Est. of Risher v. City of Los Angeles*, No. EDCV 17-995-MWF-KKx, 2019 WL 4452964, at *2–3 (C.D. Cal. July 16, 2019).

16

883745 (9th Cir. Mar. 24, 2022).  Refusing to produce any documents whatsoever, hanging up on opposing counsel, and refusing to speak with a particular opposing attorney are extreme violations of that duty.  Similar violations in the future may result in sanctions.  All parties, including Wills, are ORDERED to confer in good faith regarding any future discovery dispute, to propose compromises when possible, to consider any reasonable compromise offered by an opponent, and to cooperate to complete discovery.

**IT IS SO ORDERED.**

Dated: March 13, 2024

LISA J. CISNEROS
United States Magistrate Judge