UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MONTEREY, et al.,<br><br>    Defendants. | Case No. 21-cv-01998-EMC   (LJC)<br><br>**ORDER VACATING DISCOVERY RESPONSE DEADLINES AND REQUIRING PARTIES TO MEET AND CONFER**<br><br>Re: Dkt. No. 164 |

On March 22, 2024, the Court set deadlines of April 1, 2024 and April 8, 2024 for Plaintiff Cynthia Wills, pro se, to serve discovery responses and produce documents, and stated that "[a]bsent any intervening order by Judge Chen, no further extensions of those deadlines will be granted." ECF No. 164 at 2.

Judge Chen has now issued an Amended Case Management and Pretrial Order extending the non-expert discovery cutoff to August 29, 2024. ECF No. 167 at 2. Minutes from Judge Chen's March 21, 2024 hearing have also been filed, indicating that Wills represented "that she has a surgery scheduled in mid-April impacting her ability to respond to written discovery requests and sit for a deposition in the coming weeks." ECF No. 166 at 1.[1]

This Court's previous Order setting discovery response deadlines was based on an April 30, 2024 fact discovery cutoff that has now been continued by several months. The extended discovery period now reasonably allows for continuing Wills's response deadlines until after Judge Chen's April 16, 2024 hearing on Defendant the City of Monterey's Motion to stay the case and all discovery. *See* ECF No. 148. This Court was also unaware of Wills's upcoming surgery, which she did not raise in her arguments regarding Defendants' discovery requests. In light of the

---

[1] The minutes and amended scheduling order are both dated March 21, 2024, but were entered on the docket on March 26, 2024.

extended discovery cutoff and the new information regarding Wills's medical needs, the Court finds, sua sponte, that an extension of those previous deadlines is appropriate.

Given that Wills has not shared any information about her surgery and related medical obligations with this Court, the Court currently lacks sufficient knowledge to set reasonable deadlines. The April 1, 2024 and April 8, 2024 response and production deadlines are, for now, VACATED. The parties are ORDERED to meet and confer by telephone regarding new deadline, and to submit no later than April 5, 2024 either a stipulation or separate statements (not exceeding three pages per party) proposing new deadlines that will apply if the case is not stayed.[2] If Wills files a separate statement, she may mail it by the April 5, 2024 deadline, but the Court reserves the right to act on Defendants' statements alone if Wills's statement is not received by April 10, 2024.

If the parties cannot agree on deadlines, the Court anticipates setting deadlines in mid-May unless Wills shows compelling reasons why a later date is necessary.

Going forward, the Court expects that Wills will apprise this Court of relevant information regarding any obligations that affect her ability to comply with discovery deadlines, either through written filings on the docket or by statements on the record at hearings with all parties present. Wills should not expect further extensions of time to be granted sua sponte, or in other words, on the Court's own initiative. Even where one or more parties specifically request an extension or stay, all parties should prepare to meet existing deadlines unless and until such relief is granted. This Court will not grant relief based on Wills's ex parte[3] voicemails or telephone calls to the Courtroom Deputy.

**IT IS SO ORDERED.**

Dated: March 26, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[2] If Judge Chen grants the City's Motion and stays all discovery, this Court will set new response deadlines after the stay is lifted.
[3] "Ex parte" here refers to communications that do not include all parties.

2