UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF MONTEREY, et al.,<br><br>        Defendants. | Case No. 21-cv-01998-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY**<br><br>Docket No. 148 |

This order addresses Defendants City of Monterey, Monterey Police Department, and Monterey Harbor Patrol Health's ("City Defendants") Motion to Stay. Docket No. 148. The Court finds that oral argument will not be helpful and thus rules on the papers.

The City Defendants request the Court stay discovery deadlines until no fewer than 30 days after the Supreme Court issues an opinion in *Johnson v. City of Grants Pass*, 72 F.4th 868 (9th Cir. 2023). *Id.* at 5. *Grants Pass* is relevant because it considers the scope of protection for unhoused individuals like Plaintiff under the Eighth Amendment. *Johnson v. City of Grants Pass*, 72 F.4th. Their stay request contemplates that the case would be bifurcated; claims against Defendant Montage Health which are not impacted by *Grants Pass* would proceed without delay. *Id.*

Assuming the *Grants Pass* decision is issued at the end of June 2024 or early July 2024, which would be the latest date expected for an opinion from the Supreme Court to issue, the City Defendants are effectively requesting that the earliest discovery deadline be stayed until early August 2024. *See id.* Per the Court's recent amended scheduling order (which was issued after the City Defendants filed the instant motion), the earliest discovery deadline has already been postponed until August 29, 2024. Docket No. 167. Thus, City Defendants have, in effect, already

received the relief they seek. The schedule extension already granted by the Court affords the parties to take into account the Supreme Court's decision in *Grants Pass* which could significantly impact Plaintiff's claim herein. The extension does not prejudice Plaintiff who, at this juncture, only seeks compensatory damages, having been denied preliminary injunctive relief by this Court. In light of this, and in consideration of factors impacting propriety of a stay, the Court declines to issue a stay because it is effectively mooted by the Court's amended schedule. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (factors to consider include (1) possible damage from granting stay; (2) hardship or inequity in moving forward; and (3) orderly course of justice)). Accordingly, the Court **DENIES** City Defendants' motion to stay.

The Court further notes that it will not bifurcate trial. Although the claims against the two sets of defendants are discrete and different, trying all claims will not be complicated or confusing to the jury.

**IT IS SO ORDERED**.

Dated: April 15, 2024

EDWARD M. CHEN
United States District Judge