UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MONTEREY, et al.,<br><br>Defendants. | Case No.  21-cv-01998-EMC   (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 180, 181 |

Plaintiff Cynthia Wills, pro se, has filed two discovery letter briefs seeking to compel additional discovery responses and documents from Defendant the City of Monterey (ECF No. 180) and from Defendant Montage Health (ECF No. 181).  Wills asserts that she met and conferred telephonically with both Defendants on July 18, 2024.

This Court previously issued an Order requiring "Defendants [to] file their letter briefs no later than the next business day after the parties meet and confer" regarding a discovery dispute, and requiring Wills to either file or mail her letter briefs by the same deadline.  ECF No. 156 at 3–4.  All parties' letter briefs were due July 19, 2024.  Although Wills mailed her brief regarding the dispute with the City that day, ECF No. 180-1 (envelope with postmark), she did not mail her brief regarding the dispute with Montage Health until July 22, 2024 (envelope with postmark).  Both Defendants filed a letter brief on July 26, 2024.  ECF Nos. 182, 183.

### A.     Letter Briefs Regarding Discovery Served on Montage Health

Wills and Montage Health appear to agree that their meet-and-confer call was not cordial or fruitful.  Wills asserts that defense counsel Cyrus Tabari threatened to hang up on her.  ECF No. 181 at 1.  Tabari agrees that is true, but states that he did so because Wills repeatedly interrupted him, and asserts that he did not actually hang up the phone.  ECF No. 182 at 1.  Both Wills and Tabai agree that the call was disconnected, and both assert that they tried unsuccessfully to reconnect.  ECF No. 181 at 1; ECF No. 182 at 1.

One issue involving Montage Health is presented sufficiently for the Court to resolve it. Wills seeks records related to her treatment at Montage Health from 2015 to the present. ECF No. 181 at 34–35 (Request for Production No. 10). Defense counsel argues that records unrelated to the specific emergency room visit at issue in this litigation are not relevant, and that Wills must request them directly from Montage Health in the same manner as any other patient. ECF No. 182 at 1–2. Wills's claims against Montage Health involve allegations that Montage Health refused to allow her to have a service dog present during treatment. It is not hard to imagine that past medical records might be relevant to show the nature of Wills's alleged disability, Montage Health's awareness of any such disability, and perhaps also Montage Health's awareness of or past accommodation of Wills's alleged service dog.

More significant from a practical perspective, though, is defense counsel's apparent acknowledgment that Wills is entitled to disclosure of her own medical records from Montage Health through non-litigation channels. Without resolving specific questions of precisely what records are relevant and proportional to the needs of this case, there is little if any practical benefit to Montage Health asserting and litigating objections to producing documents that Wills already has a right to access, at least some of which appear to be potentially relevant to this case. Montage Health is ORDERED to produce all medical records for Wills's treatment from 2015 to the present that Wills would have a right to access under the Health Insurance Portability and Accountability Act, any other applicable legal authority, or any Montage Health policy governing patient access to records. Montage Health shall produce all such documents no later than two weeks from the date of this Order.

Because the parties agree that they were not able to meet and confer productively before their call was disconnected, all other of Wills's other requests pertaining to Montage Health are DENIED WITHOUT PREJUDICE to Wills filing a renewed letter brief after meeting and conferring again with Montage Health on a recorded call.

**B.    Letter Briefs Regarding Discovery Served on the City**

Wills's meet-and-confer call with the City also does not appear to have been productive. Counsel for the City asserts that Wills "only would discuss Interrogatories 4 and 6," and refused to

United States District Court
Northern District of California

discuss any other issues or put her concerns in writing. ECF No. 183 at 1. Wills's letter brief appears to have been written before the parties met and conferred, with the date of that call handwritten in a blank space in the typewritten letter. ECF No. 180 at 1.

The City's letter brief proposes compromises as to several of the issues in dispute and responds to Wills's arguments as to other issues. The City is ORDERED to produce supplemental responses as agreed in its letter brief no later than two weeks from the date of this Order, and is encouraged to do so sooner to the extent that is feasible. Because the parties do not appear to have met and conferred thoroughly and productively, Wills's remaining requests are DENIED WITHOUT PREJUDICE to her filing a new letter brief after a further meet-and-confer call to address the compromises and arguments in the City's response to her present brief.

### C.    Revised Process for Filing Letter Briefs

The fact that all parties filed untimely letter briefs[1] regarding these disputes call into question the current procedure and deadlines the Court has set for raising discovery disputes. Going forward, if a party intends to file a letter brief regarding a dispute after the parties have met and conferred, that party must clearly state their intent to do so at the end of the meet-and-confer call.

To allow additional time for parties to reflect on their conversations and incorporate any necessary changes to their positions, letter briefs must be filed or mailed no later than three business days after the parties meet and confer. This deadline replaces the one-day deadline set by the Court's Order dated March 13, 2024.

Montage Health requests that future meet-and-confer calls be recorded to promote civility. ECF No. 182 at 2. The Court lacks a sufficient record to determine which party was at fault for the breakdown in communications, and thus declines to assign fault to either party at this time. For precisely that reason, though, Montage Health's proposal to record future calls appears sensible and necessary.

Defendants, who presumably have greater resources to do so, are ORDERED to record all

---

[1] Wills timely mailed her letter brief regarding her dispute with the City, but she did not mail her letter brief regarding her dispute with Montage Health until two business days after the call.

future meet-and-confer calls regarding discovery disputes in this case, and to make those recordings available to Wills. Wills may also record those calls if she wishes to do so. All parties are ORDERED to behave civilly and to allow each other to speak without interruption.

**IT IS SO ORDERED.**

Dated: July 30, 2024

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

4