UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF MONTEREY, et al.,<br><br>    Defendants. | Case No.  21-cv-01998-EMC   (LJC)<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 192, 194 |

The Court previously ordered the parties to meet and confer further regarding disputed discovery matters. *See generally* ECF No. 187. By letter dated August 1, 2024,[1] pro se Plaintiff Cynthia Wills reported that she met and conferred with Defendants that day and that "Plaintiff's Discovery Disputes are still substantially unresolved," but provided updates "relative to the Interrogatories, Admissions and Production Requests which Defendants have agreed to resolve without further intervention thus[]far." ECF No. 192 (emphasis omitted). The letter goes on to list certain discovery requests where either this Court previously ordered additional responses or Defendants have agreed to provide additional responses. *Id.*

Judge Chen has now entered a temporary stay of discovery on Wills's claim against the City of Monterey and its agencies. ECF No. 197. This Order therefore relates only to Wills's discovery disputes with Defendant Montage Health.

Montage Health filed a responsive letter on August 7, 2024.[2] ECF No. 194. Montage

---

[1] Because Wills files by mail rather than electronically, this letter was filed August 5, 2024.

[2] The Court previously ordered the parties to file discovery letter briefs within three business days after they meet and confer. ECF No. 187 at 3. If, as Wills asserts, she made clear to Defendants that she would be filing a discovery letter after the August 1st calls, then Defendants' letters were due August 6th. Because (as discussed below) Wills's latest letter does not clearly request any relief from the Court or explain why any relief might be warranted, Montage Health's late response here is of no consequence, but Defendants are reminded to comply with the procedures set by the Court.

Health asserts that Wills refused to answer questions about the relevance of most of the discovery requests in dispute and refused to explain or substantiate her position that certain responses were incomplete. *Id.*

Wills's August 1, 2024 letter does not specifically request any relief from the Court. It is possible that Wills intended this letter to renew all of the discovery disputes referenced in Wills's earlier discovery letter brief dated July 22, 2024, which for the most part simply listed discovery requests where Wills did not believe Montage Health responded sufficiently. ECF No. 181. Wills has not—either then or now—explained why she believes the discovery she is seeking is relevant, why she believes Montage Health's objections are unfounded, or why she believes Montage Health's existing responses are incomplete. She also has not addressed the substance of the August 1, 2024 meet-and-confer calls, except to note that Montage Health agreed to supplement certain responses. The purpose of requiring the parties to meet and confer is not only to narrow the issues in dispute, but also to allow them to consider and address each other's arguments in any remaining disputes that must be presented to the Court. *See, e.g.*, ECF No. 187 (extending the time allowed for discovery letter briefs in order "[t]o allow additional time for parties to reflect on their conversations and incorporate any necessary changes to their positions"). A discovery letter that neither conveys Wills's own arguments nor responds to Montage Health's positions does not provide the Court with the information it needs to resolve any dispute.

If Montage Health's assertions regarding the meet-and-confer call are accurate,[3] the Court also has concerns that Wills may not have made a sufficient effort to discuss and resolve the disputed issues. Questions as to relevance are generally appropriate for discussion before bringing a dispute to the Court. If Montage Health does not understand why certain discovery responses are relevant to Wills's claims, Wills may be able to persuade Montage Health to supplement its

---

[3] Montage Health offered that "a copy of the recording [of the call] can be submitted to the court for review." ECF No. 194 at 1. Any party wishing to present a portion of a recorded meet-and-confer call for the Court's review may file a transcript of the relevant portion, accompanied by a declaration from the person who prepared the transcript (who may be a party or an attorney) attesting to its accuracy, as an exhibit to a discovery letter. The Court may request the audio recording if the parties materially disagree as to the accuracy of a transcript. The parties shall not submit audio recordings unless requested by the Court.

responses if she explains why she believes they are relevant. Conversely, if Montage Health does not find Wills's explanation convincing, it might be able to persuade Wills that certain requests are not relevant. The same is true as to the validity of Montage Health's objections, as well as Wills's belief that certain responses by Montage Health are incomplete. If the parties do not discuss the grounds for their positions, they are unlikely either to reach any agreement or to be able to present coherent arguments to the Court.

Not all discussions will yield agreement. But in order to ensure that the parties have exhausted reasonable efforts to resolve their disputes without Court intervention, and to allow them to explain their dispute to the Court if they cannot resolve it, the parties must engage in good faith, substantive conversations.

If, in light of that guidance, Wills believes that further meet-and-confer efforts are necessary, she is encouraged to pursue them before filing another discovery letter. If Wills believes that she has already met and conferred sufficiently, then she may file a new discovery explaining what relief she seeks and why the Court should grant it, taking into account the parties' discussions. Wills is encouraged to focus her arguments on the issues and discovery requests most important to her claims. Because Wills's present letter does not clearly request any relief or present any reason to do so, the Court declines to order further responses from Montage Health at this time beyond what the Court has previously ordered and what Montage Health has agreed to provide.

**IT IS SO ORDERED.**

Dated: August 12, 2024

LISA J. CISNEROS
United States Magistrate Judge