UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-01998-EMC   (LJC)<br><br>**ORDER REGARDING TELEPHONE CALL TO COURTROOM DEPUTY** |

　　　　The Court is in receipt of the message that Ms. Wills left with the courtroom deputy during the course of their ten-minute call this morning expressing displeasure with this Court's August 12, 2024 order addressing discovery letters.  Ms. Wills is directed to review that order and follow the instructions on page three of the order.  As explained in the order, because Ms. Wills's prior discovery letter, ECF No. 192, neither conveys her own arguments nor responds to Montage Health's positions, the Court is not in a position to resolve any dispute, let alone hold a hearing.  This Court's standing order also explains that a discovery letter must explain the issues and the parties' positions: "Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise before moving to the next issue."  Standing Order for Magistrate Judge Lisa J. Cisneros, § F.5; *see also* Civ. L.R. 7-4(a) (setting forth the requirements for a memorandum of points and authorities, including a succinct statement of the relevant facts and argument with pertinent authorities).

　　　　Although this case involves separate rather than joint discovery letters, a separate discovery letter must still present and explain Ms. Wills's position, and should address her opponent's position to explain why she believes it is incorrect.  Ms. Wills's most recent letter did not do so.  The Court, however, offered guidance for Wills as to the next steps, which might or might not include further efforts to meet and confer.  If those next steps are completed, she will be

in a better position secure a ruling on any outstanding discovery disputes that are properly presented to the court.

Merely filing a discovery letter does not trigger a court ruling or hearing on the merits of the dispute. This Court's standing order explains that the Court will only set a hearing on a discovery dispute when the Court determines that a hearing is necessary. Standing Order for Magistrate Judge Lisa J. Cisneros, § F.5 ("*If necessary*, the Court will set a hearing to address the discovery dispute." (emphasis added)); *see also* Civ. L.R. 7-1(b) ("In the Judge's discretion . . . a motion may be determined without oral argument . . . ."). When Ms. Wills or any other party files a discovery letter, the Court must determine whether to set a hearing, resolve the dispute without a hearing, or require further action by the parties before the dispute can be resolved. Here, further action is required to present the dispute for resolution, as stated in this Court's August 12, 2024 order.

Finally, the Court notes that parties to a case generally cannot communicate with the Court separately from all other parties. "Except as otherwise provided by law or [this Court's] Local Rules or otherwise ordered by the Court, an attorney or party to an action must refrain from contacting the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel." Civ. L.R. 11-4(c).

If Ms. Wills wishes to communicate with the Court (outside of a hearing scheduled by the Court with all parties present), she should do so in writing on the record. If Ms. Wills believes that exceptional circumstances require substantive communications with the Court by telephone, Ms. Wills must arrange for counsel for all parties to be part of any such call. It is not appropriate for Ms. Wills or any other party to attempt to argue the merits of a procedural or substantive dispute with the Courtroom Deputy, much less to do so without all other parties present.

**IT IS SO ORDERED.**

Dated: August 13, 2024

LISA J. CISNEROS
United States Magistrate Judge