UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF MONTEREY, et al.,<br><br>  Defendants. | Case No.  21-cv-01998-EMC   (LJC)<br><br>**ORDER REGARDING AFFIDAVIT OF BIAS**<br><br>Re: Dkt. No. 204 |

### A. Introduction

Plaintiff Cynthia Wills, pro se, has filed an affidavit of bias seeking recusal or disqualification of the undersigned magistrate judge, to whom discovery issues have been referred in this action. ECF No. 204. Wills cites 28 U.S.C. § 144, which requires reassignment of a case to a different judge upon filing of a timely and sufficient affidavit of bias or prejudice, and 28 U.S.C. § 445, which requires disqualification under specified circumstances that include bias or prejudice, personal knowledge of disputed facts, certain conflicts of interest as to parties or attorneys, or proceedings in which a judge's impartiality might reasonably be questioned. For the reasons discussed below, the Court finds no basis to recuse, and further finds that Wills's affidavit is legally insufficient to warrant reassignment to another judge for resolution on the merits.

### B. Background and Legal Standard

Wills asserts bias as follows:

> It is my belief that the bias/prejudice began during our first Discovery Dispute hearing in which the Plaintiff was late joining the conference which angered the Magistrate and ultimately Plaintiff's distress over a pending Discovery deadline further irritated this Magistrate Judge. During this hearing the Magistrate overruled every single objection to discovery which Plaintiff raised. The Magistrate was aggressively critical both verbally and in her subsequent Orders.

ECF No. 204 at 1–2. As discussed further below, those assertions are inaccurate, and in any event

would not be grounds for disqualification. Wills also takes issue with this Court's orders requiring further meet-and-confer efforts and discovery letters to prevent issues ripe for resolution. *Id.* at 2.

"Section 144 provides a procedure for a party to recuse a judge. Section 455 imposes an affirmative duty upon judges to recuse themselves. Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (cleaned up). As a general rule, any "alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

A motion under § 144 must be reassigned to another judge for resolution on the merits "[i]f the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980). In contrast, § 455 has no mechanism for reassignment to another judge, and any request to disqualify a judge under that statute must be resolved by the judge to whom it is directed. *Id.* at 867–68; *see also United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005).

Under this Court's local rules:

> Whenever an affidavit of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144, and the Judge has determined not to recuse him or herself and found that the affidavit is neither legally insufficient nor interposed for delay, the Judge shall refer the request for disqualification to the Clerk for random assignment to another Judge.

Civ. L.R. 3-14.

### C. The Court Declines to Recuse

The Court harbors no bias against Wills, whether based on her pro se status or for any

2

other reason. To the contrary, the Court has afforded Wills latitude based on the fact that she is not represented, and has tolerated behavior from Wills that would potentially result in sanctions if Wills were an attorney. *See, e.g.*, Civ. L.R. 37-1(a) (sanctions may be imposed when counsel refuses or fails to confer for the purposes of attempting to resolve all disputed issues); Fed. R. Civ. P. 37(a)(5) (requiring payment of the moving party's attorneys' fees where court action is needed to compel disclosure in response to discovery requests). The Court does not blame Wills for her difficulty connecting by telephone to the March 12, 2024 discovery hearing, and the short delay while Wills connected has not affected this Court's treatment of the case in any way.

"Unfavorable rulings alone are legally insufficient to require recusal," regardless of how many unfavorable rulings a party faces. *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984). "In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555. If adverse rulings were wrongly decided, that is "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Id.*

Moreover, Wills's assertion that the Court overruled *all* of her objections is simply not accurate. Although the Court's Orders on Defendants' first discovery letters overruled some of Wills's objections, the Court declined to require further responses from Wills to several of the discovery requests at issue, based on Wills's sufficient responses or valid objections to those requests. ECF Nos. 147, 156.

The Court's efforts to manage the March 12, 2024 hearing and the presentation of more recent discovery disputes also do not stem from or evince any bias against Wills. Wills, like any other litigant before this Court, must meet and confer in good faith with her opponents and file letter briefs that address the relief she seeks, the grounds for that relief, and the reasons why her opponents' positions to the contrary are incorrect. This Court has given her guidance to that effect, and stands ready to address any remaining disputes after Wills follows those instructions. But even if the Court's procedural decisions identifying deficiencies in Wills's recent filings were incorrect or unreasonable, they are still adverse judicial determinations that do not provide any

3

1  basis for recusal.

2      Wills has not identified any other reason to believe that this Court's impartiality might

3  reasonably be questioned, nor has she asserted any conflict of interest.  The Court therefore

4  declines to recuse.

### D.     Wills's Affidavit Is Legally Insufficient

    Having declined to recuse, the Court must determine whether Wills's affidavit is "legally insufficient" to decide whether it warrants reassignment to another judge under § 144 and Civil Local Rule 3-14.[1]

    As noted above, "[u]nfavorable rulings alone are legally insufficient to require recusal." *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984).  A request for recusal under § 144 based on a "prior adverse judgment" therefore does not require reassignment to another judge. *Mayes v. Leipziger*, 729 F.2d 605, 607 & n.1 (9th Cir. 1984); *see United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).  The Ninth Circuit has cautioned that referring such affidavits to another judge as a matter of course "would be unwise," because such a process is "cumbersome and would further delay an already slow judicial process." *Azhocar*, 581 F.2d at 738. Accordingly, to the extent that Wills complains of this Court's adverse rulings, such complaints are legally insufficient, and do not warrant reassignment for another judge to consider their merits.

    The only other basis that Wills offers as purportedly demonstrating bias is the Court's demeanor at the March 12, 2024 discovery hearing.  The Court disagrees with Wills's characterization of that hearing, but for the limited purpose of deciding whether the question of recusal should be referred to another judge, the Court assumes for the sake of argument that it is accurate.

    Even if this Court had been "angered," "irritated," and "aggressively critical" as Wills contends, ECF No. 204 at 1–2, Wills identifies no extrajudicial source for the Court's purported displeasure with her.  "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a

---

[1] Because the Court concludes that the affidavit is legally insufficient, the Court does not reach the question of whether it was interposed for delay.

bias or partiality challenge." *Liteky*, 510 U.S. at 555. The rare exceptions include comments displaying prejudice based on, say, a party's national origin. *Id*. "*Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger . . . . A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.* at 555–56.

Without considering the merits of whether this Court was in fact angry or critical at the discovery hearing, Wills's assertions to that effect are legally insufficient to warrant recusal, and therefore do not warrant referring this matter to another judge to determine whether those assertions are factually accurate.

### E.     Conclusion

For the reasons discussed above, the Court declines to recuse or to refer this matter to another judge. To the extent that Wills's affidavit might be construed as a motion to disqualify this Court, it is DENIED. Wills must comply with the Court's previous instructions if she wishes to present a discovery dispute for resolution.

**IT IS SO ORDERED.**

Dated: August 22, 2024

LISA J. CISNEROS
United States Magistrate Judge

5