UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S WILLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MONTEREY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-01998-EMC<br><br>**ORDER GRANTING CITY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Docket No. 184, 212 |

## I.　INTRODUCTION

Plaintiff Cynthia S. Wills, proceeding pro se, is an unhoused woman who brought suit against Defendants the City of Monterey, Monterey Police Department ("MPD"), and Monterey Harbor Patrol ("MHP") (collectively, "City Defendants") on March 19, 2021, for allegedly violating her civil rights under the Eighth Amendment, Fourteenth Amendment, and various state laws, when they enforced city ordinances prohibiting public camping ("anti-camping ordinances") against her. (Docket No. 1). Only Ms. Wills's claim under the Eighth Amendment remains as to the City Defendants. Ms. Wills also brought this case against Defendant Montage Health, for alleged separate violations, who are not the subject of this Order.

The City Defendants moved for judgment on the pleadings under Rule 12(c) in light of the U.S. Supreme Court's decision in *City of Grants Pass v. Johnson*, 144 S. Ct. 2202 (2024) [hereinafter *Grants Pass*], which held that enforcing anti-camping ordinances against unhoused people does not violate their rights under the Eighth Amendment's Cruel and Unusual Punishments clause. (Docket No. 184 at 12).

For the following reasons, the Court **GRANTS** the City Defendants' motion for judgment

on the pleadings.

## II. BACKGROUND

### A. Procedural Background

Ms. Wills initiated the present suit on March 19, 2021 (Docket No. 1). Ms. Wills amended her complaint two further times. (Docket Nos. 62, 75). The City Defendants filed motions to dismiss each time Ms. Wills filed a new amended complaint. (Docket Nos. 21, 64).

The Court denied the City Defendants' most recent motion to dismiss Ms. Wills's Second Amended Complaint ("SAC") (Docket No. 75) with regard to her Eighth Amendment claims because, at the time the SAC was filed, Ms. Wills had plausibly stated an Eighth Amendment claim under *Martin v. Boise*, 920 F.3d 854 (9th Cir. 2019). (Docket No. 94). The Court granted the City Defendants' motion to dismiss as to Ms. Wills's Fourteenth Amendment claims but granted Ms. Wills leave to amend those claims, instructing her to provide facts sufficient to support her theory that the City Defendants were liable to her under the state-created danger doctrine. (Docket No. 75 at 24). Ms. Wills failed to amend. The SAC is the operative complaint in the present suit.

Because Ms. Wills failed to amend her Fourteenth Amendment claims as instructed, her only remaining claim against the City Defendants was her Eighth Amendment claim pursuant to the Amendment's Cruel and Unusual Punishments clause.

### B. Factual Background

Ms. Wills's SAC states that she became unhoused around March 2019 and frequently stayed in her car, a tent, and eventually without any shelter, in various locations around the City of Monterey and Seaside, California. *Id.* at 7. While staying in Monterey, Ms. Wills states she had multiple encounters with the MPD and MHP, during which patrolling officers often threatened to arrest her or issue her citations for camping on public property. *Id.* at 8-15. The record does not show that Ms. Wills was ever actually issued a citation, arrested, or fined for public camping.

Ms. Wills detailed in her SAC that she had "no way to comply with the cities [*sic*] ordinances yet Defendants still cited, threatened, and harassed [her] for sleeping in public. . . ." *Id.* at 19. She claimed that the only shelter with space for her at the time had a "pervasively religious

1    atmosphere to which she object[ed]." *Id.* Ms. Wills also highlighted how the areas of Monterey

2    designated for camping were also prohibitively expensive. *Id.* at 37. For example, Ms. Wills

3    reported that staying at Veteran's Memorial Park—municipally designated area for camping—

4    would have cost her more than $1200.00 per month. *Id.*

5          Ms. Wills alleges that the City Defendants violated her civil rights under the Eighth

6    Amendment's Cruel and Unusual Punishments clause on several occasions when the City

7    Defendants prohibited her from camping on public property, threatened to issue her citations, and

8    threatened to arrest her for violating anti-camping ordinances. (Docket No. 75 at 7-14). Ms. Wills

9    argues that the City Defendants' actions were unconstitutional because they enforced the

10   ordinances against her even though she was forced to sleep outside due to a lack of available

11   shelter beds; the City Defendants effectively criminalized her status as an unhoused person which

12   is unconstitutional under *Martin v. Boise*, 920 F.3d 854 (9th Cir. 2019). (Docket No. 75 at 19).

### III.     LEGAL STANDARD

**A.**     FRCP 12(c) Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but not early enough to delay trial." Fed. R. Civ. P. 12(c). In the Ninth Circuit, judgment on the pleadings is proper "when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

### IV.     ANALYSIS

The City Defendants argue that *Grants Pass* is directly on point and is controlling in the present case. (Docket No. 184 at 12). The Court agrees. Ms. Wills's SAC no longer includes any viable claims for relief as a matter of law. The Supreme Court in *Grants Pass* held that the city ordinances prohibiting public camping did not punish unhoused individuals for their "status" and thus did not violate the Eighth Amendment. 144 S. Ct. 2202, 2218 (2024). The Supreme Court held that the purpose of the clause is focused on the "method or kind of punishment" governments may impose *after* someone has been convicted for a crime, not the category or conduct that could be subject to criminal laws. *Id.* at 2216. The Court held that the *Grants Pass* ordinance did not

1    punish the status of being homeless; according to the Court, it punished conduct not status.  *Id.* at

2    2220.  Moreover, the ordinance in *Grants Pass* did not target the unhoused as the prohibitions of

3    the subject law applied to all.

4    Under *Grants Pass*, Ms. Wills cannot challenge the Monterey ordinances on the basis that

5    they punish the unhoused based on status.  The ordinances here are not materially distinguishable

6    from the ordinance in *Grants Pass*.  Nor has Ms. Wills alleged that she suffered any formal

7    punishment for violating the ordinances; the SAC does not allege she was ever arrested or issued a

8    fine, fee, or citation for her violations.  And, she failed to establish any such punishment would

9    qualify as "cruel" or "unusual."  *Id.* at 2215.  The Court thus grants the City Defendants' motion

10   for judgment on the pleadings.

11   "Over 600,000 people experience homelessness in America on any given night."  *Id.* at

12   2229 (Sotomayor, J., dissenting).  Some, like Ms. Wills, are forced to sleep alone in public

13   places—either in tents or on bare sidewalks, bus and train stations, parked cars, or abandoned

14   buildings.  *Id.*  However, the nation's highest court has held that ordinances like those at issue in

15   the present case can be enforced to prohibit public camping by unhoused people.  *Id.* at 2241

16   (Sotomayor, J., dissenting) (discussing how the majority "wrongly" concludes that ordinances

17   effectively criminalizing homelessness do not violate the Eighth Amendment).  This Court is

18   bound by the Supreme Court's holding.

### V.    CONCLUSION

20   The City Defendants' motion for judgment on the pleadings is **GRANTED**.  Because no

21   further claims against the City Defendants remain, the City Defendants are dismissed.

22   During the hearing on the City Defendants' motion, Ms. Wills made a verbal request to be

23   granted leave to amend her claims and plead under the Excessive Fines and Fees clause of the

24   Eighth Amendment.  (Docket No. 214).  The Court denied Ms. Wills's verbal request, as the Court

25   already granted her leave to amend her pleadings on two other occasions within the instant suit

26   and trial in this case is merely two months away (now solely against the remaining Defendant,

27   Montage Health).  *Id.*  Granting Ms. Wills leave to amend at this stage would cause significant

28   disruptions to the Court's scheduling order.  District courts have broad discretion to deny parties'

4

1  untimely requests for leave to amend their complaints.  *See AmerisourceBergen Corp. v. Dialysist*
2  *W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend
3  where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces
4  an undue delay in litigation; or (4) is futile.").

5        On September 25, 2024, Ms. Wills filed a motion for leave to file a motion for
6  reconsideration (Docket No. 212) of the Court's Order at Docket No. 208 Denying Extension of
7  Time to Complete Discovery as to Montage Health.  The Court also denies the motion for failure
8  to show a sufficient basis for reconsideration.

10        This Order disposes of Docket Nos. 184 and 212.

13  **IT IS SO ORDERED**.

15  Dated: October 23, 2024

_____
EDWARD M. CHEN
United States District Judge